NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

KEITH M. CAPERS, :
: Civil Action No. 12-900 (FSH)
        Plaintiff, :
:
      v. : **OPINION**
:
CHRIS CHRISTIE, et al., :
:
        Defendants. :

**APPEARANCES:**

Plaintiff pro se
Keith M. Capers
#2409B
Adult Diagnostic & Treatment Center
P.O. Box 190
Avenel, NJ 07001

**HOCHBERG, District Judge**

      Plaintiff Keith M. Capers, a civilly-committed detainee confined at the Adult Diagnostic & Treatment Center in Avenel, New Jersey, seeks to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983.  This matter was previously administratively terminated due to deficiencies in Plaintiff's application, but may now be reopened.  Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. §1915(g), the Court will grant Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

Plaintiff has submitted a letter requesting that this matter be consolidated with the matter of <u>Capers v. Holtz, et al.</u>, 1:04-cv-1347. That matter was dismissed by Opinion and Order dated February 15, 2005, and contained issues unrelated to the matter currently pending before this Court. Accordingly, Plaintiff's request for consolidation will be denied.

At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

## I.  BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review.

Plaintiff states that his initial transfer to the Adult Diagnostic & Treatment Center ("A.D.T.C.") was made without a complete psychological evaluation. He has refused to participate in treatment and has been put on "therapy refusal" status, resulting in denial of special privileges. Petitioner also challenges the fact that his name has been placed on a sex-offender public website.

Plaintiff further states that on March 30, 2009 he was denied transfer out of the A.D.T.C. In September 2010 he complained to an A.D.T.C. housing officer that he "was hearing a pulse sound coming from [his] chest." Plaintiff's blood pressure was taken, and an E.K.G. was performed along with another unnamed test. Approximately two days later, Plaintiff suffered a "CVA," a stroke which left him "flaccid on [his] right side with some brain damage." After a few days in the hospital Plaintiff was taken to Southwoods State Prison Medical Unit, but was transferred back to A.D.T.C. within a few months and placed in inmate population.

The relief requested includes: removal of Plaintiff's name from the sex-offender website, transfer out of A.D.T.C., an order for physical therapy and psychological counseling with regard to his medical condition, and compensatory damages for various alleged injuries.

## II.  STANDARD OF REVIEW

A.  Standards for a Sua Sponte Dismissal

The Prison Litigation Reform Act, Pub.L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B). This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) and § 1915A because Plaintiff is proceeding as an indigent and is a prisoner.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976)); see also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).

The Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim in Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).  The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED.R.CIV.P. 8(a)(2).  Citing its opinion in Bell Atlantic Corp. v. Twombly,

550 U.S. 544 (2007) for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must allege "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)(citing Iqbal).

The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible. See Iqbal, 556 U.S. 677-679. See also Twombly, 505 U.S. at 555, & n. 3; Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011); Bistrian v. Levi, 696 F.3d 352 (3d Cir. 2012). "A complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Fowler, 578 F.3d at 211 (citing Phillips v. County of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008)).

B.   Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. See West v. Atkins, 487

U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255–56 (3d Cir. 1994); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

III. DISCUSSION

A. Federal Claims

All claims that Plaintiff attempts to assert against Chris Christie, Gary M. Lanigan, Meg Yatauro, and Paula T. Dow[1] shall be dismissed. The Eleventh Amendment to the United States Constitution provides that, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State."

As a general proposition, a suit by private parties seeking to impose a liability which must be paid from public funds in a state treasury is barred from federal court by the Eleventh Amendment, unless Eleventh Amendment immunity is waived by the state itself or by federal statute. See, e.g., Edelman v. Jordan, 415 U.S. 651, 663 (1974). The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the type of relief sought. Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 100 (1984). Similarly, absent consent by a state, the Eleventh Amendment bars federal court suits for money damages against state officers in their official capacities. See Kentucky v. Graham, 473 U.S. 159, 169 (1985). Section 1983 does not override a state's Eleventh Amendment immunity. Quern v. Jordan, 440 U.S. 332 (1979).

---

[1] The claims do not appear to be alleged against any defendant individually but rather in their official capacities.

Title 28 Sections 1915(e)(2)(B)(iii) and 1915A(b)(2) require this Court to dismiss this action if it "seeks monetary relief from a defendant who is immune from such relief."

To the extent that Plaintiff seeks damages from Defendants in any supervisory capacity, those claims fail. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior [and] a plaintiff must plead that each Government-official defendant, through the official's own actions, has violated the Constitution." Iqbal, 556 U.S. at 646. The Supreme Court noted in Iqbal that Government officials are only liable for his or her own misconduct. Id. at 677.

Plaintiff has alleged no individual liability on the part of any person, named defendant or otherwise. Accordingly, the Complaint must be dismissed.

B.   Supplemental Jurisdiction

To the extent that Plaintiff asserts state tort claims, the Court declines to exercise supplemental jurisdiction over them because all federal claims over which the Court has original jurisdiction are being dismissed. 28 U.S.C. § 1367(c)(3).

## IV. CONCLUSION

For the reasons set forth above, the Court grants Plaintiff's application to proceed in forma pauperis and dismisses the Complaint without prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim.

s/ Faith S. Hochberg<br>
FAITH S. HOCHBERG<br>
United States District Judge

Dated: December 12, 2012